IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
October 4, 2000 Session

**BILLY WAYNE LESLIE v. STATE OF TENNESSEE.**

**Appeal by Permission from the Court of Criminal Appeals
Criminal Court for Davidson County
No. 88-S-1573     Seth Norman, Judge**

---

**No. M1998-00585-SC-R11-PC - Filed December 21, 2000**

---

        We granted review in this post-conviction case to determine whether the trial court erred by allowing the appellant's appointed attorneys to withdraw and refusing to appoint new counsel.  A majority of the Court of Criminal Appeals held that the trial court did not err either by allowing the appointed attorneys to withdraw or by refusing to appoint new counsel because the appellant had abused the post-conviction process.  We conclude, and the State concedes, that the trial court erred by allowing counsel to withdraw without a hearing and failing to appoint new counsel. We therefore reverse the Court of Criminal Appeals' judgment and remand the case to the trial court for the appointment of counsel and proceedings consistent with this opinion.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals
Reversed, and Case Remanded to the Davidson County Criminal Court.**

E. RILEY ANDERSON, C.J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

John E. Herbison, Nashville, Tennessee, for the appellant, Billy Wayne Leslie.

Michael E. Moore, Solicitor General; Elizabeth B. Marney, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and John C. Zimmermann, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**BACKGROUND**

        The appellant, Billy Wayne Leslie, was convicted of first-degree murder and sentenced to life imprisonment in September of 1991.  The Court of Criminal Appeals affirmed the conviction

and sentence on direct appeal on September 24, 1993. This Court denied Leslie's application for permission to appeal on February 22, 1994.

On February 8, 1995, Leslie filed a petition for writ of error coram nobis. The trial court appointed attorney Martin Szeigis to represent Leslie.[1] On May 10, 1996, Leslie filed a pro se petition for post-conviction relief.

On October 16, 1996, Szeigis filed a motion to withdraw as counsel asserting that Leslie "insisted that [he] pursue or present claims that cannot be supported by good faith argument." The trial court allowed Szeigis to withdraw without conducting a hearing on the motion and instructed Leslie to choose from a list of three attorneys. Leslie chose attorney Thomas Bloom, who was then appointed as counsel in these matters.

In October of 1997, Bloom filed a motion to withdraw asserting that Leslie "repeatedly makes unreasonable demands . . . as to how his case should be presented." The motion asserted:

> For example, the Petitioner insists that appointed counsel subpoena over thirty-seven witnesses, introduce about a dozen affidavits, conduct a thorough background check on the victim, including credit and military history and telephone records, ask[] for funds to obtain experts for blood and fiber tests, obtain and send to him trial exhibits and prosecution files, obtain blood test results from California, as well as other investigative and legal inquiries.

The motion concluded:

> Appointed counsel foresees that it will be utterly impossible for him to represent the Petitioner as Petitioner wants to be represented and that Petitioner will find and declare said representation to be a sham. Appointed counsel also foresees subsequent complaints against him to disciplinary boards or the Court which, although frivolous, will require time, energy and anxiety to address.

On November 12, 1997, without conducting a hearing, the trial court granted Bloom's motion to withdraw as counsel and refused to appoint new counsel to represent Leslie. In so doing, the trial court said:

---

[1] The Court of Criminal Appeals indicated that the trial court first appointed attorney Mark Fishburn. This appointment is also mentioned in the trial court's order of dismissal. Although it appears that Fishburn represented Leslie on direct appeal, there is no indication that Fishburn served as counsel or was relieved as counsel in the post-conviction process. In any event, the lack of clarity in the record in this regard is not germane to our decision.

Mr. Bloom, Mr. Leslie, has filed a motion that is similar to the motion your last lawyer filed. Mr. Bloom tells me that you want him to advance theories that he can't sustain. That's exactly what Mr. Szeigis told me. I'm going to relieve Mr. Bloom, and I'm not going to give you a lawyer, sir. I am going to allow you to proceed by yourself. I will set this matter for a hearing.

On November 25, 1997, the trial court held a hearing on Leslie's petitions for coram nobis and post-conviction relief. Leslie told the court that he was unable to proceed without counsel and asked for a continuance. The trial court refused:

No, sir. Mr. Leslie, we have waltzed around on this thing and waltzed around on this thing. I have appointed you two lawyers. The last time I even allowed you to select from three different lawyers. All of your lawyers have told me that you will not listen to them. I am not going to continue this matter. I am not going to trifle with you. The matter is hear [sic] today for hearing. We are going to hear it, that's all there is to it, so you must go forward, sir.

Leslie asked that the petition for writ of error coram nobis be heard separately and asserted that he was unable to defend himself due to a stroke. The trial court said, "Both petitions are dismissed. Take him back. Failure to prosecute."

A written order dismissing both petitions was later entered. With regard to the appointment of counsel, the trial court's order said:

The gist of the withdrawal motions filed by each of the foregoing attorneys centers upon the Petitioner's refusal to cooperate with counsel, his insistence that his court appointed attorneys engage in unethical conduct in order to pursue false and meritless claims in the consolidated petitions, and his voluntary conduct in disrupting the orderly process and litigation of these petitions. . . . The Court specifically finds that the dismissal of Messrs. Fishburn, Szeigis and Bloom as attorneys appointed to represent the Petitioner were necessitated through no fault of the attorneys but solely by the fault of the Petitioner. . . . Based on the [Petitioner's] willful and intentional conduct necessitating the dismissal of his three prior attorneys, all of whom are experienced in [the] area of criminal law and are seasoned trial attorneys, this Court declines to appoint yet another attorney at state expense to represent Mr. Leslie.

A majority of the Court of Criminal Appeals affirmed the dismissal of the petitions after concluding that the trial court was in position to determine whether Leslie had abused the post-conviction process. In dissent, Judge Joseph M. Tipton wrote that the trial court abused its discretion by allowing Leslie's attorneys to withdraw without a hearing or the appointment of new counsel.

We granted this appeal to review these issues.

## ANALYSIS

We begin by reviewing the relevant portions of the post-conviction process as found within the Post-Conviction Procedure Act of 1995. See Tenn. Code Ann. § 40-30-201, et seq. (1997). A petitioner may file a petition for post-conviction relief seeking to set aside a conviction or sentence or to have an appeal granted on the basis that the petitioner was denied a constitutional right under the Tennessee or United States Constitutions. See Tenn. Code Ann. § 40-30-203 (1997).

A post-conviction proceeding is commenced by the filing of a petition for post-conviction relief with the clerk of the court in which the conviction occurred. The petition shall assert a claim for relief and allegations of fact supporting each claim. See Tenn. Code Ann. § 40-30-204 (1997). A petition must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final . . . ." Tenn. Code Ann. § 40-30-202(a) (1997).[2] The Act "contemplates the filing of only one (1) petition for post-conviction relief." Tenn. Code Ann. § 40-30-202(c) (1997).

If a petition that has been filed by an indigent petitioner has not been dismissed upon the trial court's preliminary consideration,[3] the trial court "shall appoint counsel to represent the petitioner." Tenn. Code Ann. § 40-30-207(b)(1) (1997). Counsel shall file either an amended petition for post-conviction relief or written notice that an amended petition will not be filed. Tenn. Code Ann. § 40-30-207(b)(2) (1997). The State shall then file an answer responding to the allegations in the petition

---

[2] There are only three statutory exceptions to the statute of limitations: (1) where a claim is based upon a constitutional right that was not recognized as existing at the time of trial and has been given retroactive application; (2) where a claim is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense; and (3) where a claim seeks relief from a sentence that was enhanced based upon a conviction that is subsequently held to be invalid. Tenn. Code Ann. § 40-30-202(b) (1997).

[3] The trial court is required to consider the petition and the relevant portions of the record. It shall dismiss the petition if it plainly appears that the petition is barred by the statute of limitations, that the petitioner has already completed the post-conviction process with regard to the judgment being challenged, or that the petitioner has a post-conviction petition pending in another court that challenges the same judgment. Tenn. Code Ann. § 40-30-206 (1997).

and asserting statutory issues such as statute of limitations, waiver, and previous determination. Tenn. Code Ann. § 40-30-208 (1997).[4]

In the present case, the trial court first appointed attorney Szeigis and later appointed attorney Bloom to represent the petitioner. The legal standard of review in this case is whether the trial court abused its discretion in allowing both Szeigis and Bloom to withdraw as counsel and also requiring the petitioner to proceed without counsel.[5] To answer this question, we must discuss the obligations of an attorney in a post-conviction case.

It is well-established that a petitioner does not have a constitutional right to be represented by counsel in a post-conviction case. See House v. State, 911 S.W.2d 705, 712 (Tenn. 1995); Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S. Ct. 1990, 1993, 95 L. Ed. 2d 539 (1987). As discussed above, however, the legislature has afforded a statutory right to counsel in post-conviction cases. See Tenn. Code Ann. § 40-30-207(b)(1) (1997). The appointment of counsel assists in ensuring that a petitioner asserts all available grounds for relief and fully and fairly litigates these grounds in a single post-conviction proceeding.

We have summarized the obligations and responsibilities of a post-conviction attorney as follows:

> Appointed or retained counsel shall be required to review the pro se petition, file an amended petition asserting other claims which petitioner arguably has or a written notice that no amended petition will be filed, interview relevant witnesses, including petitioner and prior counsel, and diligently investigate and present all reasonable claims.

Tenn. Sup. Ct. R. 28, § 6(C)(2). Counsel is also to file a certification indicating that he or she has thoroughly investigated the possible constitutional violations, has discussed the possible constitutional violations with the petitioner, and has raised all non-frivolous constitutional grounds warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. Tenn. Sup. Ct. R. 28, § 6(C)(3), app. C.

---

[4]     A ground for relief is waived if the "petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented . . . ." Tenn. Code Ann. § 40-30-206(g) (1997). A ground for relief is previously determined "if a court of competent jurisdiction has ruled on the merits after a full and fair hearing." Tenn. Code Ann. § 40-30-206(h) (1997).

[5]     See State v. Shirley, ___ S.W.3d ___ (Tenn. 2000) (defining "abuse of discretion" as a legal standard of appellate review).

In our view, these standards illustrate the balance between counsel and a petitioner in determining the course and conduct of a post-conviction proceedings. Counsel is obligated to review the petition; file an amended petition if necessary; interview the petitioner; interview relevant witnesses; and investigate and present "all reasonable claims." Tenn. Sup. Ct. R. 28, § 6(C)(2) (emphasis added). The rules also provide that counsel is to certify that all "non-frivolous constitutional grounds" have been asserted. Tenn. Sup. Ct. R. 28, § 6(C)(3), app. C. Counsel must consult with the petitioner where feasible but retains the right to make strategic and tactical decisions – including the determination of which issues are reasonable and should be raised and pursued – based on counsel's professional judgment. Counsel is in no way obligated to comply with a petitioner's demands to investigate or pursue unreasonable or frivolous claims.

With these standards in mind, we agree with Judge Tipton's conclusion, as does the State on appeal, that the trial court erred in allowing counsel to withdraw in this case. The motion to withdraw filed by Szeigis alleged only that Leslie wanted him to pursue and present claims that could not be supported by "good faith argument." The motion filed by Bloom, although more detailed, alleged that Leslie made demands that were "unreasonable" and could not be presented in "good faith." Bloom's motion indicated that Leslie was dissatisfied with his representation and would lead to the filing of complaints to disciplinary boards and courts. The trial court did not conduct a hearing and require proof on the issues raised by the bare allegations made by either Szeigis or Bloom.

Although we are aware of the practical difficulties appointed counsel may face in the representation of a post-conviction petitioner, we conclude that the allegations made by Szeigis and Bloom did not alone justify withdrawal. Even if a hearing had been held and the proof had shown that Leslie's demands upon counsel were unreasonable, there was no claim that Szeigis or Bloom were unable to satisfy their basic obligations of investigating, raising, and presenting any and all reasonable and non-frivolous grounds for relief. As we have said, counsel is not required to investigate or raise unreasonable or frivolous claims regardless of a petitioner's demands. In short, a petitioner's unreasonable demands do not alone prevent an attorney from meeting his or her professional responsibilities. Were we to conclude otherwise, a petitioner potentially could manipulate the post-conviction process and create interminable delay by repeatedly seeking new counsel.

We also conclude, and the State again concedes, that the trial court erred by requiring Leslie to proceed unrepresented. Although we have held that the post-conviction remedy may be denied to a petitioner who abuses the post-conviction process, this is not such a case. See Cazes v. State, 980 S.W.2d 364, 365 (Tenn. 1998) (After the petitioner filed and later demanded the withdrawal of three successive petitions, the trial court dismissed with prejudice.). There was no evidence or allegation that Leslie abused the post-conviction process. Although Szeigis and Bloom sought to withdraw based upon their assertions of Leslie's unreasonable demands, Leslie did not seek to have either attorney removed. The trial court did not conduct a hearing before allowing either Szeigis or Bloom to withdraw. Moreover, the trial court did not inquire into the work that had been performed

by counsel before requiring Leslie to proceed <u>pro</u> <u>se</u> less than two weeks after relieving Bloom.[6] We therefore conclude, and the State concedes, that the trial court erred by requiring Leslie to proceed <u>pro</u> <u>se</u>.

## **CONCLUSION**

After reviewing the record, we conclude, and the State concedes, that the trial court erred by allowing counsel to withdraw and failing to appoint new counsel without conducting a hearing. We therefore reverse the Court of Criminal Appeals' judgment and remand the case to the trial court for appointment of new counsel and additional proceedings on Leslie's petitions. Costs of this appeal are taxed to the State.

_____
RILEY ANDERSON, CHIEF JUSTICE

---

[6] As Judge Tipton observed, neither attorney filed an amended petition on behalf of Leslie. This may partly be due, however, to the difficulty the attorneys had in discussing the issues with the petitioner.