IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 16, 2005

## RICHARD L. ELLIOTT v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Montgomery County**
**No. 40000379     Michael Jones, Judge**

**No. M2004-00853-CCA-R3-PC - Filed June 3, 2005**

On March 2, 2004, the Montgomery County Circuit Court, after conducting an evidentiary hearing on the claims presented, entered an order dismissing Richard L. Elliott's petition for post-conviction relief. On March 5, 2004, Elliott filed an "Amended Petition" alleging that because his post-conviction counsel failed to raise a requested claim for relief at the evidentiary hearing, he was entitled to a hearing on the omitted claim. Elliott's "Amended Petition" was summarily dismissed by the post-conviction court. After review, we affirm the trial court's dismissal of the amended petition for post-conviction relief.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and THOMAS T. WOODALL, J., joined.

Jeffry S. Grimes, Clarksville, Tennessee, for the Appellant, Richard Elliott.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; and C. Daniel Brollier, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Factual Background

Following a jury trial, the Appellant was convicted by a Montgomery County jury of aggravated robbery and aggravated kidnapping, and the convictions were affirmed on direct appeal. *State v. Richard Lacardo Elliott*, No. M2001-01990-CCA-R3-CD (Tenn. Crim. App. at Nashville, Nov. 15, 2002). An application for permission to appeal filed with the Tennessee Supreme Court was denied on February 24, 2003. In August 2003, the Appellant filed a *pro se* petition for post-conviction relief. As the sole ground for relief, the Appellant alleged that appellate counsel was ineffective because he failed to include two viable issues in the Rule 11 application to the Tennessee Supreme Court. The post-conviction court appointed post-conviction counsel as requested; however, no amended petition was filed.

An evidentiary hearing was conducted on March 1, 2004, during which only appellate counsel and the Appellant testified. The only issue raised in the post-conviction court was appellate counsel's ineffectiveness in failing to raise the issues of sufficiency of the evidence and improper comments by the prosecutor during closing argument in the application for permission to appeal. On March 2, 2004, the post-conviction court entered an order denying the Appellant post-conviction relief, finding that appellate counsel was not ineffective and that no prejudice had resulted.

On March 5, 2004, the Appellant, proceeding *pro se*, filed an "Amended Petition" alleging that post-conviction counsel had failed to raise the issue of lesser included offenses as instructed at the post-conviction hearing.[1] Based upon this omission, the Appellant asserts that he was entitled to "a new post-conviction hearing" on this issue. The post-conviction court conducted an abbreviated hearing regarding the nature of the amended petition on March 19, 2004. After hearing the Appellant and the State, the court dismissed the petition without a hearing, finding that the Appellant had been given an opportunity to present his claims at the original hearing. This appeal followed.

## Analysis

On appeal, the Appellant argues that because post-conviction counsel refused to raise the issue of lesser included offenses, after being requested to do so, he was denied the opportunity to have the issue fully and fairly litigated. Moreover, the Appellant argues that post-conviction counsel's lack of action is further evidenced by counsel's noncompliance with Tenn. Sup. Ct. R. 28.

Tenn. Sup. Ct. R. 28 was adopted by our supreme court in 1996 and provides comprehensive requirements for the handling of post-conviction petitions. The following is required of counsel:

> Appointed or retained counsel shall be required to review the pro se petition, file an amended petition asserting other claims which petitioner arguably has or a written notice that no amended petition will be filed, interview relevant witnesses, including petitioner and prior counsel, and diligently investigate and present all reasonable claims.

Tenn. Sup. Ct. R. 28, § 6(C)(2). Counsel is also required to file a certification indicating that he or she has thoroughly investigated the possible constitutional violations, has discussed the possible constitutional violations with the petitioner, and has raised all non-frivolous constitutional grounds warranted by existing law or a good fair argument for the extension, modification, or reversal of existing law. *Id*. at § 6(C)(3), app. C. These standards strike the proper balance between counsel and a petitioner in determining the course and conduct of post-conviction proceedings. *Leslie v. State*, 36 S.W.3d 34, 38 (Tenn. 2000). Counsel must consult with petitioner when feasible, but counsel retains the discretion to make tactical decisions as to which issues to pursue. *Id*.

---

[1] The Appellant does not state the specific nature of the claim, only that the "lesser included offense issue" should have been raised by post-conviction counsel.

The record before us does not reflect that post-conviction counsel complied with the requirements of Rule 28. Thus, it is not apparent whether post-conviction counsel investigated the lesser included offense ground for relief and found it without merit or whether no investigation was conducted at all. We emphasize the importance of Rule 28 and post-conviction counsel's compliance with the rule. However, a Rule 28 violation does not afford the remedial right of a second or amended post-conviction hearing.

The Post-Conviction Procedure Act contemplates the filing of only one petition for post-conviction relief attacking a single judgment. Tenn. Code Ann. § 40-30-102(c) (2003). If a prior petition has been filed and resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed. *Id.* However, the Act does permit the filing of a motion to reopen a prior petition under limited circumstances, none of which are applicable to the facts of this case. *See* Tenn. Code Ann. § 40-30-117 (2003).

Moreover, there is no constitutional right to representation by counsel in post-conviction proceedings and, thus, no right to effective assistance of counsel in post-conviction proceedings. *House v. State*, 911 S.W.2d 705, 712 (Tenn. 1995). All that due process requires in the post-conviction setting is that the Appellant had "the opportunity to be heard 'at a meaningful time and in a meaning manner.'" *Id.* at 711 (quoting *Mathews v. Eldridge*, 426 U.S. 319, 333, 96 S. Ct. 893, 902 (1976)).

Our review demonstrates that the Appellant was extended the opportunity to collaterally attack his convictions by means of the post-conviction process. This process included a meaningful opportunity to be heard on all claims raised in the petition. The claim of failure to raise lesser included offense instructions was not alleged as a ground for relief in the Appellant's original petition. The Appellant conceded that he was present when post-conviction counsel announced that the only issue was that of ineffective assistance of appellate counsel and admitted that he said nothing, stating that "it just slipped [his] mind." Our supreme court has specifically held that a claim of ineffective assistance of post-conviction counsel could "not establish a legal excuse for failure to raise issues in the initial proceeding." *Stokes v. State*, 146 S.W.3d 56, 60 (Tenn. 2004). Accordingly, we find the Appellant's issue to be without merit.

### CONCLUSION

Based upon the foregoing, we affirm the Montgomery County Circuit Court's dismissal of the Appellant's amended petition for post-conviction relief.

_____
DAVID G. HAYES, JUDGE