# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs April 10, 2007

## HOWARD LEE COLEMAN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-24987     Chris Craft, Judge**

---

**No. W2006-02601-CCA-R3-PC  - Filed June 7, 2007**

---

The Appellant, Howard Lee Coleman, appeals the judgment of the Shelby County Criminal Court denying post-conviction relief. Coleman was convicted of first degree murder and especially aggravated robbery and was sentenced by the jury to life imprisonment without the possibility of parole. He also received a concurrent sentence of twenty years for his especially aggravated robbery conviction. Coleman filed a *pro se* petition for post-conviction relief in 2001, alleging multiple deficiencies underlying his ineffective assistance of counsel claim, including the failure to perfect a direct appeal of his convictions. After the appointment of counsel, the post-conviction court heard evidence on all the allegations and granted a Rule 3 delayed appeal to this court. The remaining post-conviction issues were stayed pending the outcome of the appeal, which was subsequently denied. Following the denial of second tier review, Coleman, proceeding *pro se*, filed an amended post-conviction petition in 2005. The attorney appointed to represent Coleman in his post-conviction challenge was the same attorney appointed to him in the direct appeal of the case. The post-conviction court subsequently denied post-conviction relief. On appeal, Coleman argues that he was denied his Sixth Amendment right to the effective assistance of counsel, specifically arguing that trial counsel was ineffective by failing to properly investigate and prepare the case. Following review, the judgment of the post-conviction court is affirmed with regard to all allegations of ineffective assistance of counsel at trial. However, plain error review of the record reveals an actual conflict of interest in that counsel appointed to perfect the direct appeal was also appointed to represent the Appellant in the amended portion of the post-conviction proceeding. Because the record is silent with regard to the conflict of interest issue, we vacate the judgment and remand for a determination of whether the Appellant was informed of the conflict and, after full disclosure, consented to the representation of appointed post-conviction counsel for purposes of the amended proceedings. If waiver is found, the post-conviction court shall enter an order accordingly and reinstate the original judgment. However, if the court finds that no waiver occurred, the court shall appoint new post-conviction counsel for the limited purpose of allowing Coleman to amend his post-conviction petition to include any issues which resulted from the unsuccessful delayed appeal. *See* Tenn. Sup. Ct. R. 28 § (9)(D)(b)(3)(a).

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed in Part; Vacated in Part and Remanded**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ALAN E. GLENN, J., joined.

Juni S. Ganguli, Memphis, Tennessee, for the Appellant, Howard Coleman.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; William L. Gibbons, District Attorney General; Alanda Dwyer and Katrina Earley, Assistant District Attorneys General, for the Appellee, State of Tennessee.

## OPINION

## Factual Background

The facts underlying the Appellant's convictions, as established on direct appeal, are as follows:

> . . . [according to] a statement . . . taken from the [Appellant] two days after the killing . . . , the [Appellant] admit[ted] to shooting and killing a black male on July 12, 1997, in the parking lot at 915 East McLemore. The [Appellant] alleged in his statement that a robbery of the victim was planned by himself and three co-defendants . . . . The [Appellant] claimed that [co-defendant] Parrish originated the plan after the victim "walked up and showed a lot of money." According to the [Appellant], Parrish left and returned with a silver .38 revolver with black grips and was handing it to [co-defendant] Love when the [Appellant] intervened. In the [Appellant's] words, "I grabbed it and then we attempt to rob the guy. I walked over to the guy, everybody was standing around and so I shot him. Then I looked around, wasn't nobody there so I went in his pocket and got the money[.]" The [Appellant] in his statement alleged he shot the victim five or six times, took $210 from him, and shared it with the co-defendants.

*State v. Howard Coleman*, No. W2002-01485-CCA-R3-CD (Tenn. Crim. App. at Jackson, Jan. 12, 2004). Two co-defendants testified against the Appellant at trial, identifying him as the person who planned the robbery and shot the victim. *Id*. The co-defendants further stated that they received none of the robbery proceeds. *Id*. Additionally, a bystander "testified that the [Appellant] looked like the individual he saw shooting." *Id*. Following a jury trial, the Appellant was convicted of premeditated murder, first degree felony murder, and especially aggravated robbery. *Id*. The two murder convictions were merged, and the Appellant was sentenced to life imprisonment without the possibility of parole. *Id*. Additionally, the court sentenced the Appellant to twenty years for the robbery conviction, to be served concurrently with the murder sentence. *Id*.

In April 2001, the Appellant filed a *pro se* post-conviction petition alleging multiple instances of ineffective assistance of counsel, including the failure to perfect a direct appeal in the case. Following the appointment of post-conviction counsel, an amended petition was filed. A post-conviction hearing was held on December 19, 2001, at which trial counsel and the Appellant

testified. Following a determination that the Appellant was denied his right of appeal, the post-conviction court granted a delayed appeal in the case, with post-conviction counsel being appointed to represent the Appellant. Pursuant to Tenn. Sup. Ct. R. 28(D), the court, after having heard proof on the remaining allegations of ineffective assistance of counsel at trial, held in abeyance any ruling with regard to these remaining allegations pending the outcome of the direct appeal. A direct appeal was filed with this court challenging only the sufficiency of the convicting evidence. A panel of this court subsequently denied the appeal on January 12, 2004. *Id.* Permission to appeal to the Tennessee Supreme Court was denied on May 24, 2004. *State v. Howard Coleman*, W2002-01485-SC-R11-CD (Tenn. May 24, 2004).

On March 15, 2005, the Appellant filed an amended *pro se* petition for post-conviction relief. Counsel, who had represented the Appellant on direct appeal, was again appointed as post-conviction counsel. A second post-conviction hearing was held on December 21, 2005, at which both trial counsel and the Appellant again testified. No issues resulting from appellate counsel's handling of the direct appeal were included in the amended petition.

At the 2001 post-conviction hearing, the Appellant testified that trial counsel was appointed, along with a second attorney, to represent him following his preliminary hearing. He acknowledged that his case was originally filed as a capital case and stated that he was aware he could receive the death penalty if convicted. He testified that trial counsel met with him approximately ten to fifteen times and that trial counsel "somewhat" explained the charges against him. The Appellant acknowledged that trial counsel conveyed the State's offer of life with parole, which he refused. He explained he wanted to proceed to trial, despite trial counsel's urging him to accept the plea offer based upon counsel's belief that it was a "losing" case.

The Appellant testified that trial counsel reviewed the statement which the Appellant had given to police, but he stated that he informed trial counsel that he did not recall giving a detailed statement to the police. He acknowledged that trial counsel, nonetheless, filed a motion to suppress the statement. The Appellant also acknowledged that he never provided trial counsel with possible defense witnesses, that he had no alibi defense, and that he was provided a copy of the co-defendants' statements prior to trial. When asked what he believed that trial counsel should have done differently, the Appellant responded that "trial counsel should have gone out on his own and done investigating."

Trial counsel testified that he met with the Appellant on more than ten occasions and that he discussed the details of the case with him. He stated that the State provided him with open-file discovery and that he filed thirty-five to forty motions in the case. Trial counsel acknowledged urging the Appellant to accept the plea agreement because he believed it was in the Appellant's best interest to do so based upon the evidence. Nonetheless, he was prepared for trial when the Appellant chose to proceed. Because the Appellant's confession was crucial evidence, trial counsel filed a motion to suppress the statement, which was subsequently denied.

Trial counsel verified that the Appellant had provided no possible defense witnesses, other than family members who had no specific knowledge of the facts of the case. However, trial counsel stated that he, on his own, visited the crime scene and canvassed the area, searching unsuccessfully for possible eyewitnesses to the shooting. Additionally, trial counsel met with an investigative service several times, which was retained through court-ordered funding. Trial counsel acknowledged that he neither received nor reviewed a copy of the preliminary hearing transcript, stating he felt it was unnecessary because the Appellant's confession to the crime was more than sufficient evidence to establish probable cause. According to trial counsel, he devoted fifty hours of time outside the courtroom, in addition to over sixty hours in court, to the Appellant's case.

At the second post-conviction hearing, the Appellant, while acknowledging that trial counsel did in fact file a motion to suppress the statement on other grounds, expressed concern that he was not advised of his rights prior to giving the statement. The Appellant, on cross-examination, acknowledged that the transcript reflected that his Fifth Amendment rights were provided to him as shown in the transcript of his statement, but he denied that he read his rights prior to signing the statement. Trial counsel testified that he considered raising the issue at the motion to suppress hearing, but he asserted that he was unable to do so because, at the time of the hearing, the Appellant claimed that he had no recollection of making the statement at all. Thus, he had no proof supporting that claim.

On July 13, 2006, the post-conviction court, after reviewing the transcript of the 2001 and the 2005 evidentiary hearings, denied the Appellant's petition by written order. This timely appeal followed.

**Analysis**

**I. Ineffective Assistance of Counsel at Trial**

On appeal, the Appellant has raised the single issue of ineffective assistance of trial counsel. To succeed on a challenge of ineffective assistance of counsel, the Appellant bears the burden of establishing the allegations set forth in his petition by clear and convincing evidence. T.C.A. § 40-30-110(f) (2006). The Appellant must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), the Appellant must establish (1) deficient performance and (2) prejudice resulting from the deficiency. The petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This deference to the tactical decisions of trial counsel is dependent upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

It is unnecessary for a court to address deficiency and prejudice in any particular order, or even to address both if the petitioner makes an insufficient showing on either. *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069. In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Burns*, 6 S.W.3d 453, 463 (Tenn. 1999) (quoting *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068).

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *Id.* at 461. "[A] trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). However, *conclusions of law*, are reviewed under a purely *de novo* standard with no presumption that the post-conviction court's findings are correct. *Id.*

On appeal, the Appellant argues that trial counsel was ineffective based upon the cumulative effect of various deficiencies characterized as failure "to properly investigate and prepare the case." Specifically, he contends that trial counsel: (1) failed to expend an adequate amount of time preparing for the case, spending only fifty hours outside of court appearances; (2) failed to discuss trial strategy, instead discussing only plea options with the Appellant; (3) failed to review the tape of the preliminary hearing in order to learn what crucial witnesses might testify to; (4) failed to challenge a photospread identification; (5) failed to employ expert investigative services, instead conducting investigations for which he was not trained; and (6) failed to "ably challenge" the admission of the Appellant's statement given to police on grounds that the Appellant was under the influence of narcotics.

Initially, we are constrained to note that the Appellant has waived consideration of trial counsel's failure to challenge a photospread identification because he raises the issue for the first time on appeal. No allegations regarding this contention were contained in the Appellant's petition or developed at the post-conviction hearing. Additionally, we are precluded from reviewing the Appellant's assertion that trial counsel failed to "ably challenge" his statement on grounds that he was under the influence of narcotics.[1] At the post-conviction hearing, the issue of the Appellant's statement to the police was raised but in the context of a challenge to its admission based upon the fact that the Appellant had not been provided his *Miranda* rights. No proof was presented with regard to whether the Appellant was under the influence of drugs. We have consistently held that an appellant cannot change theories from the lower court to the appellate court. *State v. Alder*, 71 S.W.3d 299, 303 (Tenn. Crim. App. 2001). "[A] party cannot assert a new or different theory to

---

[1] We would also note, as addressed *infra*, that the issue is improper as part of an amended post-conviction petition following a delayed appeal, as the alleged error did not result from appellate counsel's handling of the delayed appeal. *See* Tenn. Sup. Ct. R. 28, § 9(D)(3)(a).

support the objection . . . in the appellate court." *State v. Adkisson*, 899 S.W.2d 626, 634 (Tenn. Crim. App. 1994). To do so constitutes waiver of the issue. *Id*.

In denying the Appellant's petition, the post-conviction court found as follows:

> As the proof presented at the hearing, the only suggestion made by [the Appellant] as to any additional work his attorney might have performed was that the attorney might have "went out on his own, did a little more investigation or something." . . . [Trial counsel], on the other hand, testified that he had been a practicing attorney for 26 years at the time of the trial, had tried numerous cases, visited the crime scene, canvassed the neighborhood, got open file discovery from the State, including the statements of the co-defendants, and went over all of this with the [Appellant] extensively in jail visits, along with Kevin Reed, a second attorney appointed [the Appellant]. [The Appellant] has failed to offer anything additional his attorney might have done which might have changed the outcome of the trial.

> [The] Appellant did not offer the names of any witnesses that he suggests his attorney should have interviewed or subpoenaed. [Trial counsel] testified that no names were furnished him, and that his personal canvassing of the neighborhood of the crime scene turned up no potential witnesses not called by the State at the [Appellant's] trial.

> . . . [The Appellant] does not suggest any motions left unfiled which would have affected the outcome of his trial . . . . [Trial counsel] filed numerous motions and had a pre-trial evidentiary hearing on the motion to suppress the [Appellant's] confession, which was decided against [the Appellant].

> . . . .

> [The Appellant] has suggested no viable defense which could have been presented. He confessed to shooting the victim after he and his co-defendants had planned to rob him. His co-defendants testified against him in the trial, as well as bystanders who witnessed the [Appellant] shoot this unarmed young man in the chest, and then saw him shoot the victim repeatedly in the back while he was on the ground, attempting to crawl away, stating "Drop it off, drop it off."

Following review, we conclude that the record before us does not preponderate against the post-conviction court's findings that trial counsel properly investigated and prepared the case for trial. A bare allegation that trial counsel has failed to perform in some manner, as asserted here, does not equate to ineffective assistance of counsel. To prevail, the Appellant must establish that, as a result of the particular omission or failure, (1) a benefit was lost and (2) as a result of the lost benefit, there was a reasonable probability that the case would have concluded differently if counsel had performed as suggested. *See Burns*, 6 S.W.3d at 463. The Appellant has failed to establish either

of these factors with regard to his claims. For example, the Appellant offers no explanation of how spending more time preparing for the case, in addition to the fifty hours expended, would have affected the outcome of the trial, and he offers no proof as to what trial counsel could have discovered had he further personally investigated the facts or had hired additional investigators. *See Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Moreover, the Appellant has failed to show how trial counsel viewing the preliminary hearing tape would have aided in the Appellant's defense. Clearly, trial counsel testified he was given open-file discovery, which would have contained evidence intended to be offered by the State at trial. His blanket assertion that trial counsel was not qualified to investigate the case is misplaced. The record clearly indicates that, in addition to his own efforts, trial counsel consulted with investigative services. Accordingly, we conclude that the Appellant's allegations of inadequate preparation and investigation must fail. As found by the post-conviction court, trial counsel spent many hours preparing the case, filed several motions, met with the Appellant on multiple occasions, and personally investigated the circumstances of the case. As noted by the State, there was overwhelming proof against the Appellant, including his own confession and the testimony of two co-defendants and one uninterested eyewitness. The Appellant asserts that the cumulative effect of the trial court's errors warrants a finding of ineffective assistance of counsel. Having concluded that the record supports no single finding of deficient performance or prejudice, this issue is without merit.

## II. Post-Conviction Issues Resulting from the Delayed Appeal

Although not raised as an issue by the Appellant, plain error dictates that we address the issue of a conflict of interest which is apparent from the record before us. Tennessee Supreme Court Rule 28, § 9(D) governs the procedure to be employed following the granting of a delayed appeal in the context of post-conviction proceedings. The rule, with which the post-conviction court in this case complied, provides that the "court shall enter an order granting the petitioner a delayed appeal, staying the post-conviction proceedings pending the final disposition of the delayed appeal." Tenn. Sup. Ct. R. 28, § 9(D)(1)(b). The rule contemplates that the post-conviction court will hear proof on all post-conviction issues raised by the petition, although the trial judge is required to hold in abeyance its rulings on all issues other than the delayed appeal. However, the rule further provides that following the disposition of the direct appeal, the petitioner may amend the original petition to challenge any "new issues cognizable in a post-conviction proceeding result[ing] from the handling of the delayed appeal." Tenn. Sup. Ct. R. 28, § 9(D)(3)(a); *see also State v. Evans*, 108 S.W.3d 231 (Tenn. 2003). This rule has the practical effect of allowing a petitioner to challenge the effectiveness of appellate counsel on direct appeal.

Here, appellate counsel and post-conviction counsel on the amended petition following direct appeal, were one and the same. While petitioners for post-conviction relief are not constitutionally entitled to the effective assistance of counsel, they do have a statutory right to counsel. *McCullough v. State*, 144 S.W.3d 382, 385 (Tenn. Crim. App. 2003) (citing *Leslie v. State*, 36 S.W.3d 34, 38 (Tenn. 2000)). "[T]his statutory right includes the right to be represented by conflict-free counsel." *Id*. (citing *Kevin Burns v. State*, No. W2000-02871- CCA-R3-PD (Tenn. Crim. App. at Jackson, Aug. 9, 2001)). When an attorney is placed in a position of divided loyalties between himself and

his client, an actual conflict is created. *Id*. In *McCullough*, this court specifically held that representing a defendant in a post-conviction proceeding after having represented the defendant on direct appeal created an actual conflict of interest. *Id*. Thus, an actual conflict existed in this case as appellate/post-conviction counsel would be forced to review his own performance on direct appeal. Having concluded that an actual conflict existed, plain error review permits us to consider the error "to do substantial justice" in this case. *See* Tenn. R. Crim. P. 52(b). Because the record is silent with regard to the conflict of interest issue, we vacate the judgment and remand for a determination of whether the Appellant was informed of the conflict and, after full disclosure, consented to the representation of appointed post-conviction counsel for purposes of the amended proceedings. If the court finds no such waiver occurred, the post-conviction court shall appoint post-conviction counsel for the limited purpose of reviewing the Appellant's post-conviction petition involving those issues which may have resulted from the unsuccessful delayed appeal. However, if the Appellant did waive the conflict, the original judgment of the court should be reinstated.

## CONCLUSION

Based upon the foregoing, the Shelby County Criminal Court's denial of the Appellant's post-conviction petition is affirmed with regard to all issues involving the Appellant's allegations of counsel's ineffective assistance at trial. However, because of an actual conflict, the post-conviction court's ruling with regard to the amended petition is vacated and the case is remanded for a determination of whether the conflict was waived. If no waiver occurred, the post-conviction court shall appoint counsel to allow the Appellant to amend his petition to challenge any issues cognizable in a post-conviction proceeding which resulted from appellate counsel's handling of the delayed appeal. If the court finds that an appropriate waiver was made, the court shall enter an order accordingly, and the original judgment of the court shall be reinstated.

_____
DAVID G. HAYES, JUDGE