IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
October 16, 2019 Session

## STATE OF TENNESSEE v. DOUGLAS MARSHALL MATHIS

**Appeal from the Circuit Court for Houston County**
**No. 4352     Larry Wallace, Judge**

———————————

### No. M2019-00279-CCA-R3-CO

———————————

Petitioner, Douglas Marshall Mathis, appeals the denial of both his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1 and his motion to withdraw his original, pro se petition for post-conviction relief, which was granted in 2001. Because Petitioner failed to state a colorable claim for relief and because the life sentence imposed for his first degree murder conviction is legal, we affirm the denial of his Rule 36.1 motion. Because Petitioner's original petition for post-conviction relief was heard and granted nearly two decades ago, we affirm the denial of Petitioner's motion to withdraw that petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Karen McDonald, Nashville, Tennessee, for the appellant, Douglas Marshall Mathis.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Bryant C. Dunaway, District Attorney General; and Owen Burnette, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Twenty years ago, the Houston County Grand Jury charged Petitioner with one count of first degree murder and one count of second degree murder for the May 11, 1999 killing of Selwyn Ward. On May 18, 2000, Petitioner entered a plea of guilty to the charge of second degree murder in exchange for a 15-year sentence and dismissal of the first degree murder charge. *See State v. Douglas Marshall Mathis*, No. M2002-02291-CCA-R3-CD, 2004 WL 392710, at *1 (Tenn. Crim. App. Mar. 3, 2004) (*Mathis I*), *perm.*

*app. denied* (Tenn. Oct. 11, 2004); *Douglas Marshall Mathis v. State*, No. M2006-02525-CCA-R3-PC, 2008 WL 1850800, at *1 (Tenn. Crim. App. Apr. 25, 2008) (*Mathis II*), *perm. app. denied* (Tenn. Oct. 27, 2008).

On May 9, 2001, Petitioner filed a pro se petition for post-conviction relief, seeking to set aside his guilty plea on grounds that it was not knowingly and voluntarily entered. After the State agreed that Petitioner should be granted relief, the post-conviction court vacated Petitioner's conviction of second degree murder and set Petitioner's case for trial on the charge of first degree murder. *See Mathis II*, 2008 WL 1850800, at *1. The transcript of the hearing on Petitioner's petition establishes that the post-conviction court repeatedly warned Petitioner that, should the court grant him the relief he desired, he would go to trial on a charge of first degree murder and that he would be facing a life sentence. Nevertheless, Petitioner persisted in his demand that his second degree murder conviction be set aside. Neither party appealed the decision granting post-conviction relief. Following a 2002 trial, a Houston County Circuit Court jury convicted Petitioner of first degree murder, and the trial court imposed the only statutorily-available sentence of life imprisonment. *See Mathis I*, 2004 WL 392710, at *1.

On direct appeal, Petitioner challenged the sufficiency of the convicting evidence, the accuracy of the trial court's instructions to the jury, the propriety of the prosecutor's closing argument, the impartiality of the jurors that tried the case, and the admission of certain evidence. *See id.* Petitioner did not challenge the grant of his petition for post-conviction relief or the validity of the presentment charging him with first degree murder. Ultimately, a majority of this Court affirmed Petitioner's first degree murder conviction. *See id.* at *10.

Petitioner filed a pro se petition for post-conviction relief from his first degree murder conviction in June 2005, alleging, among other things, that "he was not prosecuted on a valid first degree murder indictment." *Mathis II*, 2008 WL 1850800, at *6. Essentially, Petitioner claimed "that the trial court discharged him with regard to the first degree murder indictment in a nolle prosequi order entered pursuant to his prior guilty plea to second degree murder" and "that the State should have completed a formal proceeding to reinstate his indictment."[1] *Id.* at *7. In its order denying post-conviction relief, the post-conviction court observed that "Petitioner was specifically advised that the result of granting [his 2001 post-conviction petition] would be that he would be tried for First Degree Murder. Petitioner stated that he understood this and persisted in his request to vacate his plea of guilty to Second Degree Murder." The post-conviction court also

---

[1] This is a summarization of several complaints issued by Petitioner about the validity of the first degree murder presentment.

found that, when Petitioner's plea was set aside, the State's agreement to dismiss the first degree murder charge was also set aside. This Court concluded that Petitioner waived his post-conviction challenge to the validity of the presentment by failing to present the issue either prior to trial or on direct appeal. *Id.* at *8. We also determined that, waiver notwithstanding, Petitioner was not entitled to post-conviction relief because the nolle prosequi on the first degree murder charge was conditioned upon Petitioner's pleading guilty to second degree murder such that, when Petitioner withdrew his guilty plea, "the trial court acted properly in reinstating the indictment for first degree murder." *Id.*

Following this Court's decision affirming the denial of post-conviction relief, Petitioner filed his first petition for writ of habeas corpus, alleging that the 2001 grant of post-conviction relief from his conviction of second degree murder was not valid "because the post-conviction court failed to make the proper finding 'that a constitutional violation occurred during the plea proceedings.'" *Douglas Marshall Mathis v. State*, No. M2010-00730-CCA-R3-HC, 2011 WL 300143, at *1 (Tenn. Crim. App. Jan. 19, 2011) (*Mathis III*), *perm. app. denied* (Tenn. May 26, 2011). He argued that without making a finding that a constitutional violation had occurred, "the post-conviction court was not authorized to vacate his plea and conviction and retry him on the first degree murder charge" and insisted that "his guilty plea to second degree murder with the fifteen-year sentence be reinstated." *Id.* The habeas corpus court summarily dismissed the petition, holding that Petitioner had failed to establish "that his judgment is void or that he is being illegally detained." The habeas corpus court also noted that Petitioner did not appeal the 2001 grant of post-conviction relief and observed that Petitioner had filed the petition for writ of habeas corpus "because he did not receive the outcome he had desired in a full and lawful jury trial." *Id.* This Court affirmed the summary dismissal of the petition because Petitioner failed to comply with the procedural requirements for filing a petition for writ of habeas corpus. We also

> agree[d] with the habeas corpus court that Petitioner's best, and possibly only, avenue of relief would have been to appeal the 2001 judgment of the post-conviction court, not to wait almost nine years until the new trial he admittedly actively sought produced an unfavorable outcome[,] which he twice appealed unsuccessfully.

*Id.* at *3.

Petitioner then filed a second petition for writ of habeas corpus, again alleging "that the court was without jurisdiction to grant his first petition for post-conviction relief, allow him to withdraw his guilty plea to second degree murder, but then order that he be tried on the original indictment for first degree murder." *Douglas Marshall Mathis v. Wayne Carpenter, Warden*, No. M2014-01552-CCA-R3-HC, 2015 WL 4365343, at *2

(Tenn. Crim. App. July 16, 2015) (*Mathis IV*), *perm. app. denied* (Tenn. Nov. 24, 2015). This Court again affirmed the summary dismissal of Petitioner's petition for writ of habeas corpus, finding that "Petitioner simply repackaged the claims of his first such petition, as well as his earlier petition for post-conviction relief," which claims had been considered and rejected by the trial court, this Court, and our supreme court. *Id.* We again "conclude[d] that these same complaints, now raised for the third time, are not cognizable in a habeas corpus proceeding and that they entitled Petitioner neither to appointment of counsel nor to an evidentiary hearing." *Id.*

"Continuing to challenge his conviction for first degree murder, Petitioner filed a third petition for habeas corpus relief in May of 2016." *Douglas Marshall Mathis v. Bruce Westbrooks, Warden*, No. M2016-01348-CCA-R3-HC, 2016 WL 7155059, at *1 (Tenn. Crim. App. Nov. 16, 2016) (*Mathis V*), *perm. app. denied* (Tenn. Mar. 8, 2017). In his third petition for writ of habeas corpus, Petitioner "claimed that the order granting post-conviction relief and vacating his plea was illegal because he was not represented by counsel and was not permitted to amend his petition." *Id.* The habeas corpus court again summarily dismissed the petition, "concluding that Petitioner had filed 'yet another attempt to attack the jurisdiction of the trial court in procedural circumstances of [Petitioner's] own making.'" *Id.* This Court affirmed the summary dismissal, finding that, despite Petitioner's attempt "to disguise his argument by altering the wording of his challenge to the trial court's jurisdiction, the underlying argument remain[ed] the same" as the claim previously considered and rejected. *Id.* at *2. We also held that Petitioner's claim that he was not represented by counsel at the 2001 hearing on his petition for post-conviction relief was not a cognizable ground for habeas corpus relief. *See id.*

On April 28, 2017, Petitioner filed a Rule 36.1 motion to correct an illegal sentence, arguing, as he did previously, that because he was not represented by counsel during the hearing that disposed of his 2001 petition for post-conviction relief and because the post-conviction court failed to find that a constitutional violation had occurred during the May 2000 plea colloquy, the ruling of the post-conviction court granting post-conviction relief, setting aside his guilty plea, and reinstating the first degree murder charge was invalid. He asserted that as a result of this invalidity, "the original sentence is still in effect in any subsequent proceedings." He claimed that his life sentence was an illegal sentence for a conviction of second degree murder.

On November 30, 2017, Petitioner filed a motion to withdraw the 2001 petition for post-conviction relief. In his motion, Petitioner claimed that the July 9, 2001 proceeding that led to the grant of post-conviction relief did not qualify as an evidentiary hearing as contemplated by the rules governing post-conviction procedure and that, because no such hearing had yet occurred, he was entitled to withdraw his pro se petition.

-4-

At the hearing on Petitioner's motions, Petitioner agreed that the motions were alternate theories of presenting the same, previously-rejected, claims for relief. Petitioner testified that he agreed to plead guilty "for the reason that no charge be brought against my brother Jeff." He said that he was satisfied with the plea agreement that resulted in his 15-year sentence and that he only filed the petition for post-conviction relief when, after he expressed dissatisfaction with the prosecution of his brother, his trial counsel told him that he "needed to file a pro se PCR and the [c]ourt would appoint someone to represent" him. Petitioner admitted that the post-conviction court had warned him that he would go to trial on a charge of first degree murder should his petition be granted and that he had persisted in pursuing post-conviction relief despite this warning. He insisted, however, that he did not know how to read and write at the time he filed the petition and that, had he had the benefit of counsel, he "wouldn't even had the post-conviction proceeding." He claimed that he did not know that a grant of post-conviction relief would result in the setting aside of his plea and that he "figured that once" he filed the post-conviction petition, he "could get back into court and the judge would explain to me why that they charged my brother Jeff after they done made a deal with me that they wouldn't charge him." Petitioner agreed that the post-conviction court told him that if convicted of first degree murder, he faced a life sentence, but he inexplicably claimed that he "understood that first-degree murder only carried 19 years."[2] Upon questioning by the trial court, Petitioner conceded that, had he been convicted of a lesser offense at trial, he would not have challenged the 2001 grant of post-conviction relief.

The trial court denied Petitioner's Rule 36.1 motion, concluding that Petitioner failed to present a colorable claim for relief "because his allegations and arguments do not establish that he received a sentence that was in excess of his sentencing range." The court denied Petitioner's motion to withdraw the 2001 petition for post-conviction relief, finding that the motion "has been rendered moot by the trial court's action of granting it."

In this appeal, Petitioner once again attempts to "repackage" and "disguise" the same claims that have been previously made and rejected with regard to the 2001 grant of post-conviction relief. This time the vehicles he uses are a motion to correct his sentence and a motion to withdraw the 2001 petition for post-conviction relief.

First, Petitioner claims entitlement to relief under Rule 36.1, arguing "that the life sentence he is presently serving is illegal" because "his guilty plea to second degree murder is his only lawful conviction," for which a life sentence is not statutorily

---

[2] At the time of the hearing, Petitioner had been incarcerated for approximately nineteen and a half years. We note that, in his 2001 petition for post-conviction relief, Petitioner stated that "[t]he only reason" that he pleaded guilty "in the first place was because he was told by the State and his attorneys that if he did not take the 15 years at 100%, that he would get a 51 year sentence."

authorized. He asserts that, because he was denied the right to counsel at the hearing that led to the grant of his petition for post-conviction relief, the proceeding was a nullity, the order granting post-conviction relief was invalid, and his second degree murder conviction remains intact.

"Rule 36.1 is not a panacea." *State v. Tom Moore*, No. W2015-00838-CCA-R3-CD, 2015 WL 9255103, at *1 (Tenn. Crim. App. Dec. 16, 2015), *perm. app. denied* (Tenn. Aug. 19, 2016). The sole purpose of Rule 36.1 is to provide a procedure for "the correction of an illegal sentence," which is defined as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). A Rule 36.1 motion is not the appropriate vehicle to attack the validity of either Petitioner's first degree murder conviction or the procedure that led to the grant of post-conviction relief in this case. The rule permits a challenge to the conviction only when a guilty-pleading defendant can establish that the illegal sentence was a bargained-for element of the plea agreement. Tenn. R. Crim. P. 36.1(c)(3). The challenge presented by Petitioner in this case is not a colorable claim for relief under Rule 36.1.

Petitioner is not entitled to relief under Rule 36.1. As the history of this case establishes, Petitioner was convicted of first degree murder following a jury trial. *See Mathis I*, 2004 WL 392710, at *1. A defendant convicted of first degree murder is subject to three potential sentences: (1) death, (2) life without the possibility of parole; or (3) life. *See* T.C.A. § 39-13-202(c). When the State does not seek a sentence of death or life without the possibility of parole, the only statutorily-available sentence is life imprisonment. Petitioner received the only statutorily-available sentence for his conviction of first degree murder.

In addition to his Rule 36.1 motion, Petitioner filed a motion to withdraw the original, pro se petition for post-conviction relief. "[T]he availability and scope of post-conviction relief lies within the discretion of the General Assembly because post-conviction relief is entirely a creature of statute." *Bush v. State*, 428 S.W.3d 1, 15 (Tenn. 2014) (citing *Pike v. State*, 164 S.W.3d 257, 262 (Tenn. 2005)). A post-conviction petitioner "may withdraw a petition at any time *prior to the hearing* without prejudice to any rights to refile, but the withdrawn petition shall not toll the statute of limitations set forth in § 40-30-102." T.C.A. § 40-30-109(c); Tenn. R. Sup. Ct. Rule 28, §6. In this case, the post-conviction court held a hearing on the petition and, at the conclusion of that hearing, granted Petitioner post-conviction relief. That order became final thirty days after it was entered. *See* T.C.A. § 40-30-116 ("The order granting or denying relief under this part shall be deemed a final judgment, and an appeal may be taken to the court of criminal appeals in the manner prescribed by the Tennessee Rules of Appellate Procedure."); Tenn. R. App. P. 4(a), (c).

Furthermore, Petitioner's claim that he was deprived of counsel at the hearing does not lead to the conclusion that the hearing was a nullity. Although a post-conviction proceeding is "best described as . . . arising out of a criminal case," *see Carter v. Bell*, 279 S.W.3d 560, 565 (Tenn. 2009), it is not a continuation of the original criminal case brought by the State, *see* T.C.A. § 16-5-108 (distinguishing between "[c]riminal cases, both felony and misdemeanor" and "[h]abeas corpus and Post-Conviction Procedure Act proceedings"). Post-conviction proceedings "are not constitutionally required as an adjunct to the state criminal proceedings," *Murray v. Giarratano*, 492 U.S. 1, 10 (1989), and "there is no constitutional right to counsel in post-conviction proceedings," *Stokes v. State*, 146 S.W.3d 56, 60 (Tenn. 2004). Consequently, "performance of post-conviction counsel is not governed by the standard set forth in" *Strickland v. Washington*, 466 U.S. 668 (1984). *Frazier v. State*, 303 S.W.3d 674, 682 (Tenn. 2010). "The rationale for the appointment of counsel in the post-conviction setting is to afford a petitioner the full and fair consideration of all possible grounds for relief." *Id.* at 680 (citing *Leslie v. State*, 36 S.W.3d 34, 38 (Tenn. 2000)). Regardless of whether Petitioner's counsel was present at the hearing, the post-conviction court not only heard Petitioner's complaints but also granted him the relief he desired.

Accordingly, we affirm the judgments of the trial court in all respects.

_____
TIMOTHY L. EASTER, JUDGE