# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## ALLEN JEAN STEPHENS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Weakley County**
**No. CR97-2008      William B. Acree, Jr., Judge**

---

**No. W2008-02583-CCA-R3-HC  -  Filed October 9, 2009**

---

The Petitioner, Allen Jean Stephens, appeals the trial court's denial of his petition for habeas corpus relief. The state has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. We conclude that the state's motion is meritorious. Accordingly, we grant the state's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

J.C. McLIN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. McMULLEN, JJ., joined.

Allen Jean Stephens, Pro Se, Henning, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; and Kevin McAlpin, Assistant Attorney General, for the appellant State of Tennessee.

## MEMORANDUM OPINION

The history of the petitioner's claim was set out by this court in a previous memorandum opinion affirming the denial of the petitioner's first petition for habeas corpus relief filed in Lauderdale County:

> The Petitioner, Allen Jean Stephens, was convicted of one count of possession of more than .5 grams of cocaine with intent to sell and one count of possession of drug paraphernalia. The trial court sentenced the Petitioner as a range II offender to twenty-three years for the felony drug conviction and eleven months, twenty-nine days for the misdemeanor possession conviction. This Court affirmed the judgments of convictions and the sentences imposed by the trial court. See *State v. Allen Jean Stephens*, No. M2004-00531-CCA-R3-CD, 2005 WL 1541850 (Tenn. Crim. App., at Jackson, Jun. 23, 2005), *perm. to appeal denied*, (Tenn. Dec. 5, 2005). Subsequently, the Petitioner sought post-conviction relief, alleging that trial counsel

was ineffective. The lower court denied relief and this Court affirmed the lower court's denial. *See Allen Jean Stephens v. State*, No. W2006-02773-CCA-R3-PC, 2007 WL 2872368 (Tenn. Crim. App., at Jackson, Oct. 3, 2007), *perm. app. denied* (Tenn. Feb. 25, 2008).

*See Allen Jean Stephens v. State*, No. W2008-02492-CCA-R3-HC, 2009 WL 1026008, at *1 (Tenn. Crim. App., at Jackson, April 15, 2009). On September 10, 2008, the petitioner filed, in the Circuit Court of Lauderdale County, a petition for habeas corpus relief. The Lauderdale County trial court denied relief. On appeal, this court affirmed the Lauderdale County trial court's dismissal of the petition for habeas corpus relief. *Id.*

On June 2, 2008, three months prior to filing his *pro se* petition for habeas corpus relief in Lauderdale County the petitioner filed, in the Circuit Court of Weakley County, a *pro se* petition entitled "Petition for Relief from Conviction or Sentence, Habeas Corpus Relief". On June 17, 2008, the Weakley County trial court summarily dismissed the petition finding that "[b]ecause the petitioner is currently incarcerated in Lauderdale County, the Circuit Court for Weakley County is without jurisdiction[,]" and that "the petition fails to assert a meritorious claim." The petitioner then filed a motion to set aside or correct the order dismissing his petition asserting that "the Court has misconstrued his petition as a Petition for Habeas Corpus Relief[,]" and further asserting "that his petition was drafted to be a Petition for Post Conviction Relief." On July 10, 2008, the Circuit Court of Weakley County entered an order denying the motion stating its findings: (1) the court lacked jurisdiction to hear the petition; (2) the petitioner failed to assert a meritorious claim; and (3) the petitioner had previously filed a petition for post-conviction relief which was denied after an evidentiary hearing and affirmed by the Court of Criminal Appeals on October 3, 2007. On July 14, 2008, the petitioner filed a notice of appeal. On September 29, 2008, he filed a motion to re-open his post conviction petition. In the current appeal, the petitioner raises the following issues which we have summarized:

(1) whether the trial court erred in summarily dismissing the pro se pleading for post conviction relief/habeas corpus relief, without the appointment of counsel or the holding of an evidentiary hearing;

(2) whether the trial court erred in denying the petitioner's motion to set aside its order summarily dismissing his petition;

(3) whether the trial court erred by "not processing his corrected (titled) Petition for Post Conviction Relief";

(4) whether the trial court erred in failing to grant his motion to re-open his first petition for post conviction relief; and

(5) "[w]hether the trial court abused its discretion in the handling of this case upon Collateral review[.]"

2

The state has filed a motion requesting that this court affirm the lower court's denial of relief pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. As basis for its motion, the state asserts that the trial court was "free to interpret the petition as one for habeas corpus relief, and finding that it did not have jurisdiction, . . . [to] dismiss[ ] the petition." The state further notes that "[m]eanwhile, this Court has affirmed by memorandum opinion the denial of a petition for habeas corpus relief filed in the proper county concerning this petitioner." The state argues the trial court properly dismissed the petition in Weakley County and the judgment should be affirmed.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated sections 29-21-101 through 29-21-130 codify the applicable procedures for seeking a writ. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record of the proceedings upon which the judgment was rendered that a court was without jurisdiction to convict or sentence the defendant, or that the defendant is still imprisoned despite the expiration of his sentence. *See Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. *Archer*, 851 S.W.2d at 163. A void judgment is a facially invalid judgment, clearly showing that a court did not have statutory authority to render such judgment; whereas, a voidable judgment is facially valid, requiring proof beyond the face of the record or judgment to establish its invalidity. *See Taylor*, 995 S.W.2d at 83. The burden is on the petitioner to establish by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Moreover, it is permissible for a court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petitioner does not state a cognizable claim. *See Summers*, 212 S.W.3d at 260; *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

Initially, we note that this court addressed many of the petitioner's arguments in affirming the denial of the petitioner's claim for habeas corpus relief filed in Lauderdale County. *See Allen Jean Stephens v. State*, 2009 WL 1026008, at *2-4. We will not revisit issues decided in that opinion, nor will we review issues that have been previously decided and disposed of on direct appeal or on appeal from the denial of post-conviction relief. *Id.* at *2; (citing *Long v. State*, 510 S.W.2d 83, 87 (Tenn. Crim. App.1974)); *see generally Allen Jean Stephens v. State*, 2007 WL 2872368; *State v. Allen Jean Stephens,* 2005 WL 1541850.

The trial court dismissed the petition seeking habeas corpus relief because it was not filed in the county nearest the petitioner. The petition reveals that the petitioner is incarcerated at the West Tennessee State Prison in Henning, Tennessee. However, the petition was filed in Weakley County rather than in Lauderdale County where the prison is located. The petitioner did not make the application "to the court or judge most convenient in point of distance to the applicant," and failed to provide "a sufficient reason . . . in the petition for not applying to such court or judge." Tenn. Code Ann. § 29-21-105. We have repeatedly held that the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers*, 212 S.W.3d at 259 (citation omitted). Therefore, the trial court's summary dismissal of the petition seeking habeas

3

corpus relief in this case was proper because it failed to comply with the procedural requirements. We conclude that the trial court did not err in denying the petition or in denying the motion to set aside or correct the order summarily dismissing the petition.

The petitioner asserts that the trial court erred in failing to consider his petition a petition for post conviction relief. We disagree. Even if his petition were treated as a new petition for post-conviction relief as requested by the petitioner, it is barred because the petitioner is limited to a single petition for post-conviction relief per judgment. *See Leslie v. State*, 36 S.W.3d 34, 37 (Tenn. 2000) (citing Tenn. Code Ann. § 40-30-202(c) (1997)). As recognized by the trial court, a petition for post-conviction relief has already been pursued to conclusion. *See also Allen Jean Stephens v. State*, 2007 WL 2872368. The petition cannot proceed as an attempt to reopen his previous petition for post-conviction relief because he has failed to allege a ground upon which such motion may be granted. *See* Tenn. Code Ann. § 40-30-117 (2006); Tenn. Sup. Ct. R. 28, § 2(C). Tennessee Code Annotated section 40-30-117 governs motions to reopen a post-conviction petition. A motion to reopen a prior post-conviction petition may only be filed if the petitioner alleges that:

> (1) a final ruling of an appellate court establishes a constitutional right that was not recognized as existing at the time of trial and retrospective application of the right is required; or
>
> (2) new scientific evidence exists establishing that the petitioner is actually innocent of the convicted offense(s); or
>
> (3) the petitioner's sentence was enhanced based upon a prior conviction which has subsequently been found invalid.

Tenn. Code Ann. § 40-30-117(a)(1-3). As relevant in this case, in order to reopen his petition, the petitioner would be required to establish that there had been a final appellate court ruling that established a constitutional right which was not recognized as existing at the time of trial and that retroactive application of that right was required. *Id.* at §§ 40-30-102(b)(1), 40-30-117(a)(1) (2006). If the claim is based upon a new constitutional rule of law, the claim must be brought within one year of the ruling establishing that right. *Id*. at § 40-30-117(a)(1). If the claim is based upon an invalid prior conviction, the claim must be brought within one year of the ruling holding the prior conviction invalid. *Id.* at § 40-30-117(a)(3). The petitioner argues that his sentence violates *Blakely v. Washington*, 542 U.S. 296 (2004). Courts in Tennessee have held that *Blakely v. Washington* and it progeny do not apply retroactively to cases that are on collateral appeal. *See Donald Branch v. State*, No. W2003-03042-CCA-R3-PC, 2004 WL 2996894, at *10 (Tenn. Crim. App., at Jackson, Dec. 21, 2004), *perm. app. denied*, (Tenn. May 23, 2005); *Carl Johnson v. State*, No. W2003-02760-CCA-R3-PC, 2005 WL 181699, at *4 (Tenn. Crim. App., at Jackson, Jan. 25, 2005), *perm. app. denied*, (Tenn. June 27, 2005). The petitioner's attempt to reopen fails as he has not alleged a ground under which a post-conviction petition may be reopened. Finally, because there was no facially cognizable claim, the petitioner was not entitled to appointment of counsel. *See Billy James Matthews v. Turner*, No. W2004-01547-CCA-R3-HC, 2005 WL 957112, at *2 (Tenn. Crim. App., at Jackson, Apr. 26, 2005) (citations omitted).

CONCLUSION

4

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20.  We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the state's motion is granted.  The judgment of the Weakley County trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
J.C. McLIN, JUDGE