IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 1, 2016

**CHRISTOPHER CUNNINGHAM v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Madison County**
**No. C-15-255     Donald H. Allen, Judge**
_____

**No. W2016-00222-CCA-R3-PC – Filed November 30, 2016**
_____


The petitioner, Christopher Cunningham, appeals the denial of his petition for post-conviction relief. He argues the post-conviction court erred in finding he received effective assistance of counsel at trial and on direct appeal. The petitioner also asserts his convictions for aggravated robbery violate double jeopardy. Following our review of the record, briefs, and applicable law, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

J. ROSS DYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Joseph T. Howell, Jackson, Tennessee, for the appellant, Christopher Cunningham.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Jerry Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.


**OPINION**

*Factual and Procedural History*

In 2013, a Madison County jury convicted the petitioner of one count of aggravated burglary and two counts of aggravated robbery. The trial court sentenced the petitioner to an effective twenty-two-year sentence, imposing consecutive, eleven-year sentences for the robbery convictions and a concurrent, five-year sentence for the burglary conviction. On direct appeal, this Court affirmed the petitioner's convictions after reviewing the evidence presented at trial. *State v. Christopher Lee Cunningham and*

*James Cleo Hardin*, No. W2014-00230-CCA-R3-CD, 2015 WL 1396441 at *4 (Tenn. Crim. App. Mar. 24, 2015).  The Court summarized the facts at trial as follows:

On January 12, 2013, Dr. Allyson Anyanwu and her contractor, Lorenzo Amador, were robbed at gunpoint inside her Jackson home.  Dr. Anyanwu and her husband had recently purchased the house and begun doing minor renovations to it.  The couple hired Mr. Amador and his team to help with the renovations.  On the day of the incident, Dr. Anyanwu came over to the house to do some work while Mr. Amador and several other workers were at the house.  By about 5:30 p.m., all of the workers had left the house except for Mr. Amador.

Dr. Anyanwu was working in the kitchen when she turned to see Mr. Amador being led into the kitchen at gunpoint by two African American men.  [According] to Dr. Anyanwu, both men had handguns and were wearing hooded sweatshirts with the hoods pulled up on their heads.  She insisted that the gunmen's faces were not covered, although Mr. Amador testified that the men were wearing masks and he could only see their eyes.  Dr. Anyanwu recalled that Mr. Amador was very frightened when he entered the kitchen and had a hard time standing still as directed by the gunmen.  The gunmen appeared agitated by his behavior and kept holding their guns to his head and saying, "I will kill you."  Because the gunmen "had their complete focus on Mr. Amador" at this time, Dr. Anyanwu was able to "take [her] time and look at each one of [the gunmen] and look at their guns."  She testified that her kitchen was well-lit during the robbery, and she was able to clearly see the gunmen's faces.  The darker-skinned gunman, later identified as Defendant Hardin, told Mr. Amador to give him his phone and wallet.  After Mr. Amador complied, Defendant Hardin approached Dr. Anyanwu and said, "And what about you?  What have you got?"  He took her phone and put his gun inside of her shirt against her chest.  He then ordered Dr. Anyanwu and Mr. Amador to kneel on the floor, and the two men left.  On the way out of the house, Defendant Hardin took Dr. Anyanwu's purse that was on the kitchen counter.  In the purse, Dr. Anyanwu had another cell phone, her ID, keys, some personal items, and $160 to $200 cash.

After the robbery, Dr. Anyanwu called the police from a neighbor's house.  The police responded to the scene and interviewed the victims.  They searched for the two gunmen that evening but were unable to find them.  A few days later, Mr. Amador recognized one of the gunmen walking down the street and called the police.  The police detained [the

- 2 -

petitioner and Hardin], and Mr. Amador identified [the petitioner] as one of the gunmen. He was unable to say with certainty whether Defendant Hardin was the other gunman. Several days later, police compiled a photographic lineup that included a photograph depicting Defendant Hardin. Dr. Anyanwu identified Defendant Hardin from the lineup as one of the gunmen. At trial, Dr. Anyanwu identified both [the petitioner and Hardin] as the two gunmen who robbed her and Mr. Amador. She was confident in her identification, stating at trial, "There is like no doubt in my mind who these two people are."

Following deliberations, the jury convicted the [the petitioner and Hardin] as charged in the indictments of one count aggravated burglary and two counts aggravated robbery. At the November 18, 2013 sentencing hearing, the trial court sentenced the [petitioner and Hardin] to 11 years' confinement for each robbery count and five years' confinement for aggravated burglary. The court ordered that the aggravated robbery sentences run consecutively to one another and the aggravated burglary sentence run concurrent with the aggravated robbery sentences for an effective sentence of 22 years' confinement for [the petitioner and Hardin].

[The petitioner] filed a motion for new trial or modification of sentence December 16, 2013, which was denied by the trial court on January 16, 2014. He filed a timely notice of appeal on February 6, 2014.

*State v. Christopher Lee Cunningham and James Cleo Hardin*, No. W2014-00230-CCA-R3-CD, 2015 WL 1396441 at *1-2 (Tenn. Crim. App. Mar. 24, 2015).

The petitioner was represented by the same attorney at trial and on appeal. On direct appeal, the petitioner argued the evidence was insufficient to sustain his convictions for aggravated burglary and aggravated robbery. The petitioner also argued the trial court erred in imposing partial consecutive sentences. *Id.* at *2. This Court affirmed the judgments of the trial court on March 24, 2015, and the Tennessee Supreme Court denied review on July 20, 2015.

On August 31, 2015, the petitioner filed a *pro se* petition for post-conviction relief alleging ineffective assistance of counsel at trial and on appeal. Specifically, the petitioner alleged counsel: (1) failed to adequately prepare for trial; (2) failed to adequately inform the petitioner; (3) failed to properly pursue Michelle Douglas, a potential alibi witness, for the defense; (4) failed to call petitioner's mother, Tasha Cunningham, as a character witness; (5) failed to investigate and present mitigating evidence; and (6) failed to challenge the petitioner's release eligibility classification as a

Range I offender. Additionally, the petitioner alleged appellate counsel failed to challenge his convictions for aggravated robbery as a violation of double jeopardy.[1]

*The Post-Conviction Hearing*

Both the petitioner and counsel testified at the post-conviction hearing. The petitioner stated counsel did not discuss his case with him and that he did not understand the evidence against him. The petitioner explained he also did not understand the meaning of a guilty plea or the process of pleading guilty. The petitioner claimed if he had completely understood the guilty plea process and offer, he may have made a different decision. However, he stated he would not have pled guilty to something he did not do.

The petitioner also stated he did not testify at trial because he did not fully understand his right. The petitioner remembered the trial court informing him of his right to testify, but he could not recall whether he signed a waiver releasing his right. He agreed, however, that if the record reflected that he signed a waiver, then the record would be correct.

The petitioner further stated that counsel failed to investigate and present mitigating evidence regarding his good character at trial. Though the petitioner could not recall what mitigating evidence he would have presented at trial, he stated counsel did not discuss witnesses with him until it was too late. The petitioner testified he would have called his family, specifically his mother, to testify that he was a good person. The

---

[1] We note that the right to counsel in a post-conviction setting has been statutorily granted to ensure "that a petitioner asserts all available grounds for relief and fully and fairly litigates these grounds in a single post-conviction proceeding." *Leslie v. State,* 36 S.W.3d 34, 38 (Tenn. 2000). When the post-conviction court appointed counsel for the petitioner, it ordered counsel "to review the petition, consult with the petitioner, and investigate all possible constitutional grounds for relief for the purpose of filing an amended petition, if necessary." *See* Tenn. Sup. Ct. R. 28, § 6(C)(2); *see also* Tenn. Code Ann. § 40–30–107(b)(2). The court further ordered that "counsel shall file a notice stating that no amended petition will be filed" should counsel make that determination. *Id.* Finally, the trial court ordered "counsel shall file the certificate of counsel required in post-conviction cases." *Id.* However, counsel failed to file an amended petition, a notice stating that no amended petition would be filed, or a certificate of counsel. Despite counsel's failure to comply with the post-conviction court's order and the rules of our Supreme Court, a petitioner does not have a right to the effective assistance of counsel in post-conviction proceedings. *See Stokes v. State,* 146 S.W.3d 56, 60 (Tenn. 2004); *House v. State,* 911 S.W.2d 705, 712 (Tenn. 1995). Because the petitioner was afforded a full and fair hearing, during which he was given the opportunity to be heard at a meaningful time and in a meaningful manner, his due process rights were not infringed. *See House,* 911 S.W.2d at 711.

petitioner acknowledged, however, that his character would not have been relevant at trial, and those witnesses would not have been permitted to testify.

The petitioner also discussed sentencing. He initially testified that he was sentenced outside his range for the aggravated robbery convictions. However, he ultimately acknowledged that as a Range I offender, the applicable range was eight to twelve years and he received eleven-year sentences for each aggravated robbery conviction. The petitioner then testified that his sentences for aggravated robbery should have been imposed concurrently, rather than consecutively.

Finally, the petitioner testified regarding his double jeopardy argument. He claimed that for double jeopardy purposes, it is not the number of victims that matters, but rather the number of thefts. He claimed he only committed one theft with multiple victims and therefore, he could not be convicted of two counts of aggravated robbery. Additionally, the petitioner explained he believed his protection against double jeopardy was violated because his sentences for the aggravated robbery convictions were imposed consecutively. The petitioner testified counsel was ineffective for not raising these issues in his motion for new trial and on appeal.

Counsel then testified regarding his representation of the petitioner. He stated he met with the petitioner five times at the jail and every time his case was set in court. Counsel provided the petitioner with discovery in his case, and he explained it to him. Counsel stated there was no proof presented at trial or the sentencing hearing on behalf of the petitioner or his co-defendant.

Regarding witnesses, counsel testified that he discussed possible witnesses with the petitioner, but there were no witnesses to the crimes other than the victims and the co-defendant. Counsel could not remember whether he discussed character witnesses with the petitioner. Though, he did state he would have explained to the petitioner that character witnesses were unnecessary if the petitioner did not intend to testify. Counsel recalled that the State filed for notice of alibi witness, but the petitioner never provided him with a possible alibi or the name of any alibi witnesses.

Counsel further testified that he explained the petitioner's right to testify to him prior to trial, discussing both the pros and cons with the petitioner. After the close of the State's proof, the petitioner made the decision not to testify and confirmed that decision before the trial court. The petitioner also signed a waiver to that effect.

Counsel testified regarding the plea deals offered to the petitioner and the petitioner's decisions regarding the same. He recalled the State offered the petitioner a plea deal of eight years for aggravated robbery at eighty-five percent service. Counsel

reviewed the original plea offer with the petitioner, twice at the jail and once in court. Counsel explained to the petitioner that it was his decision whether or not to accept the offer, and he could not force the petitioner to accept it. The petitioner ultimately did not accept the offer, because he wanted a release eligibility of thirty percent and he believed the State would not be able to establish his identity at trial. Counsel also recalled the petitioner rejected a blind plea offer to two counts of simple robbery and one count of aggravated burglary.

Finally, counsel explained the appellate arguments he made on behalf of the petitioner. He raised two issues on appeal: the sufficiency of the evidence and the imposition of consecutive sentences for the aggravated robbery convictions. Counsel acknowledged this Court affirmed the trial court's judgment, finding the petitioner was sentenced within his range and that consecutive sentencing was appropriate. Counsel testified that he did not understand the petitioner's double jeopardy argument. He believed there were no grounds to raise a double jeopardy issue on appeal because, "there were two different victims and property was taken from both victims."

At the conclusion of the post-conviction hearing, the post-conviction court reserved ruling pending a review of the trial transcripts. On February 10, 2016, the post-conviction court entered an order denying the petition for post-conviction relief and finding that the petitioner received effective assistance of counsel. In an accompanying letter the post-conviction court stated:

> After a careful review of all the evidence in this case, the Court finds that none of trial counsel's actions or omissions were so serious as to fall below the objective standard of reasonableness under prevailing professional norms. The Court finds that [counsel's] representation was appropriate and that he provided [the petitioner] with reasonably effective assistance. The Court further finds that petitioner has failed to show that there is a reasonable probability that, but for trial counsel's performance, the result of the trial proceeding would have been different. Since the petitioner has failed to bear his burden of proof in this matter, his Petition will be denied.

The post-conviction court also noted in its order "[t]hat there are no other grounds shown by the [p]etitioner upon which post-conviction relief can be granted." This timely appeal followed.

*Analysis*

On appeal, the petitioner generally alleges he received ineffective assistance of counsel arguing counsel failed to "explain the nature and consequences of the criminal

- 6 -

proceedings" and his right associated therewith. The petitioner also claims his dual convictions for aggravated robbery violate double jeopardy. In response, the State argues the petitioner received effective assistance of counsel and his convictions for aggravated robbery do not violate double jeopardy. Following our review of the record, and briefs of the parties, we affirm the judgments of the post-conviction court.

Post-conviction relief "shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. The petitioner bears the burden of proving factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Lane v. State*, 316 S.W.3d 555, 562 (Tenn. 2010) (*quoting Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009)).

When an evidentiary hearing is held in the post-conviction setting, the findings of fact made by the post-conviction court are conclusive on appeal unless the evidence preponderates against them. *See Wiley v. State*, 183 S.W.3d 317, 325 (Tenn. 2006). The appellate court will not reweigh the evidence and will defer to the post-conviction court's findings when reviewing factual issues, such as the credibility of witnesses or the weight of their testimony. *Id.* However, the appellate court will review a post-conviction court's application of law to the facts of the case de novo, with a presumption of correctness given only to the post-conviction court's findings of fact. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001); *Burns v. State*, 6 S.W.3d 453, 461 (Tenn. 1999)

A.      Ineffective Assistance of Counsel

The issue of ineffective assistance of counsel presents mixed questions of law and fact. *See Fields*, 40 S.W.3d at 458; *Burns*, 6 S.W.3d at 461. This Court reviews questions of ineffective assistance of counsel *de novo*, with a presumption of correctness given only to the post-conviction court's findings of fact. *Id.*

Both the Sixth Amendment to the United States Constitution and Article I, section 9 of the Tennessee Constitution mandate that criminal defendants receive effective assistance of counsel. *Dwayne Williams v. State*, No. W2014-02415-CCA-R3-PC, 2016 WL 409780 at *6 (Tenn. Crim. App. Feb. 3, 2016) (*citing Cauthern v. State*, 145 S.W.3d 571, 598 (Tenn. Crim. App. 2004)). To establish a claim of ineffective assistance of counsel, the petitioner has the burden of showing both that trial counsel's performance was deficient, and the deficient performance prejudiced the outcome of the proceeding. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *accord State v. Taylor*, 968 S.W.2d

900, 905 (Tenn. Crim. App. 1997) (noting that the same standard for determining ineffective assistance of counsel applied in federal cases also applies in Tennessee)).

The *Strickland* standard is a two-prong test. First, the defendant must show trial counsel's performance was deficient. *Strickland*, 466 U.S. at 687. This requires showing counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. *Id.* Second, the defendant must show the deficient performance prejudiced his defense. *Id.* This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Id.*

Courts need not approach the *Strickland* test in a specific order or even "address both components of the inquiry if the defendant makes an insufficient showing on one." 466 U.S. at 697; *see also Goad v. State,* 938 S.W.2d 363, 370 (Tenn. 1996). "Failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." *Goad*, 938 S.W.2d at 370.

On appeal, the petitioner has failed to present any evidence that counsel's alleged deficient performance prejudiced the outcome of the proceedings in any way. First, the petitioner claims he did not understand his right to subpoena witnesses and did not understand the evidence against him. However, the petitioner has failed to identify the witnesses he would have subpoenaed or the testimony they would have provided that would have impacted the outcome of the trial.

In order "[t]o succeed on a claim of ineffective assistance of counsel for failure to call a witness at trial, a post-conviction petitioner should present that witness at the post-conviction hearing." *Pylant v. State*, 263 S.W.3d 854, 869 (Tenn. 2008) (citing *Black*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990)). "As a general rule, this is the only way the petitioner can establish that . . . the failure to have a known witness present or call the witness to the stand resulted in the denial of critical evidence which inured to the prejudice of the petitioner." *Id.* The petitioner has not met his burden.

Counsel testified at the post-conviction hearing that the petitioner never discussed any potential alibi or character witnesses with him prior to or at the time of trial. When asked what witnesses he would have called at trial, the petitioner stated "I could have had my family. My momma. People I'm around, you know, that was there when I was there. Anybody. My witnesses." And, when asked what testimony these witnesses would have provided, the petitioner testified "Well, that I was with my - - I was with them or whatever, how I am or what kind of person I am or anything, you know, to help me with my defense." The petitioner failed to provide specific witnesses or the specific testimony

those witnesses would have provided. Also, he admitted that any testimony regarding his character would not have been relevant at trial.

The only witness the petitioner names specifically is "Ms. Douglas." Counsel testified he was never told about Ms. Douglas, and the petitioner failed to produce Ms. Douglas at the hearing. The petitioner did not explain how Ms. Douglas' testimony would have changed the outcome of the proceedings. The petitioner, therefore, has failed to show any deficient performance on the part of counsel regarding proposed mitigating evidence or potential witnesses, including Ms. Douglas. This allegation is without merit.

The petitioner also alleges counsel was ineffective in failing to discuss with him the potential pros and cons of testifying in his own defense. However, counsel testified at the post-conviction hearing that he discussed the pros and cons of testifying with the petitioner, and the petitioner decided on his own not to testify. Furthermore, the petitioner admitted at the post-conviction hearing that he confirmed his decision not to testify with the trial court and signed a waiver of his right as well. The petitioner does not claim his decision would have been different with a more complete explanation of his right, nor does he present any evidence of the effect such a decision would have had on the outcome of his trial. The petitioner has failed to present any evidence that the outcome of the trial was prejudiced in any way by counsel's alleged deficient performance.

Finally, the petitioner argues counsel failed to properly explain the plea offers he received from the State. At the post-conviction hearing, however, the petitioner testified that he would not have pled guilty to something he did not do and acknowledged he believed he had a better chance at trial. Accordingly, there is no evidence that the petitioner's alleged lack of understanding about the plea offer prejudiced the outcome of the proceedings.

Although the petitioner alleged numerous deficiencies of counsel on appeal, he failed to present any evidence as to how any of the alleged deficiencies prejudiced the proceedings. This Court is not required to address the strength of the specific deficiencies alleged, and we have sufficient grounds to deny the petitioner's claim for post-conviction relief without further analysis. *Strickland*, 466 U.S. at 697; *see also Goad,* 938 S.W.2d at 370. Accordingly, the petitioner has failed to show that counsel's performance prejudiced the outcome of the proceedings as required by *Strickland*. *Id.* The petitioner is not entitled to post-conviction relief for his claim of ineffective assistance of counsel.

B.      Double Jeopardy

- 9 -

Finally, the petitioner makes the bare allegation that his aggravated robbery convictions violate double jeopardy and counsel's failure to raise the alleged double jeopardy violation in his motion for new trial and on appeal resulted in ineffective assistance of counsel. However, the petitioner fails to make any legal argument or cite any case law in support of his double jeopardy claims. The petitioner's failure to properly support his double jeopardy claims constitute a waiver of the same. *See* Tenn. R. App. P. 27(a)(7); *State v. Cauley Cross*, No. M2009-01179-CCA-R3CD, 2011 WL 2085662, at *11 (Tenn. Crim. App. May 25, 2011); *Jeffrey Myers v. State*, No. M2004-02411-CCAMR3PC, 2005 WL 1541870, at *3 (Tenn. Crim. App. June 29, 2005) (stating "all Tennessee appellate courts require the appellant's brief to contain an argument, citations to authorities, and appropriate references to the record" and a "[f]ailure to comply with these basic rules will ordinarily constitute a waiver of the issue").

However, despite the petitioner's waiver, his double jeopardy issue is meritless as this Court has previously found the proper unit of prosecution for robbery in Tennessee is the number of takings or thefts, not the number of victims. *State v. Franklin,* 130 S.W.3d 789, 797 (Tenn. Crim. App. 2003). The record makes clear that the petitioner committed two independent thefts of Dr. Anyanwu and Mr. Amador at gunpoint. Accordingly, the petitioner's convictions for aggravated robbery did not violate double jeopardy and the petitioner cannot show counsel was ineffective in its handling of the alleged double jeopardy claims. The petitioner is not entitled to any relief as to this issue.

## CONCLUSION

Based on the foregoing authorities and reasoning the judgment of the post-conviction court is affirmed.

_____
J. ROSS DYER, JUDGE